## Edward Bertalot v. Frank T. Kinnare, Adm'r.

1. NEGLIGENCE—*Extent of Liability of Proprietor of Swimming School for.*—The proprietor of a swimming school or natatorium is liable for an injury to a patron, resulting from lack of ordinary care in providing for his safety and without fault of the patron; but such proprietor is not in any sense an insurer of the safety of his patrons, and the death of a patron within his premises does not cast upon him the burden of excusing himself from any presumption of negligence.

2. VERDICTS—*Not Supported by the Evidence.*—Verdicts, whether general or special, have no value when unsupported by evidence, and in this case the verdict can not stand, because it is not supported by any evidence whatever as to how the deceased happened to meet the disaster which resulted in his death, or as to what negligence, if any, contributed thereto or was the proximate cause thereof.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed October 11, 1897.

MERRICK, EVANS & WHITNEY, attorneys for plaintiff in error.

McDANNOLD & PHELPS, attorneys for defendant in error.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

On July 23, 1892, plaintiff in error was the owner of and conducted the business of a swimming school or natatorium.

On the evening of that day Armand J. Bachand, a boy of about fifteen years of age, visited the natatorium to bathe, and paid his admission therefor. He was last seen alive about 9:30 o'clock, in the water at the shallow end of the tank, and some ten or fifteen minutes later was discovered unconscious and perhaps already lifeless, at the bottom of the pool. All efforts to resuscitate him were without avail.

For his death, and alleging negligence on the part of plaintiff in error as the proximate cause thereof, the defendant in error brought this suit, and recovered verdict and judgment therein.

The several counts of the declaration allege as the negligence complained of, first, failure of attendants to watch intestate while bathing; second, lack of railing at the north end of tank; third, permitting the room in which the tank was located to become over-crowded; fourth, failure to provide instructors to watch intestate, whereby failure to rescue resulted.

It is doubtless the law that the proprietor of such an institution would be liable for injury to a patron, if such injury resulted from lack of ordinary care in providing for his safety, and without fault of the patron; but it is as surely not the law that such proprietor is in any sense an insurer of the safety of his patrons, nor would the death of a patron within his premises cast upon the proprietor the burden of excusing himself from any presumption of negligence. Brotherton v. Manhattan B. I. Co., 48 Neb. 567.

It was incumbent upon defendant in error, as plaintiff in the trial court, to sustain his declaration with evidence, and to establish the averments of some one of its counts. The question here presented is simply whether the record shows evidence which would warrant the jury in finding that there was such lack of ordinary care as is alleged, and that it was the proximate cause of the death of the intestate.

Defendant in error presented no evidence to show just how the lad came to his death, except that some ten or fifteen minutes after he was seen alive and in a place of

safety, he was found unconscious, and, it may be, already
dead, at the bottom of the swimming tank.

It is true that Carr, a witness for defendant in error, did
testify in direct that he saw the lad "treading water," and
a few moments later he had disappeared, and was shortly
after found at the bottom of the tank.    But this testimony,
which would have constituted a showing of the manner of
the accident, was set at naught by the later statement of
the same witness, when he said, "I don't know that the boy
I saw treading water was the boy found dead in the pool.
I did not see his face."

The proximate cause of the accident, therefore, was not
discoverable from the evidence presented by defendant in
error.    Plaintiff in error on the other hand, did present
evidence, viz., the testimony of two witnesses, to the effect
that the boy was pushed into the pool *at the south end* by
other patrons of the place, and then as he fell into the
water, was struck by a diver (also a patron), who plunged
down from swinging rings overhead.

The jury by their general verdict and their special find-
ings discredited this testimony and found specifically that
the lad did not meet his death in the manner described by
these witnesses.    But verdicts, whether general or special,
have no value when supported by no evidence.    And so it
is on the record here.

A verdict for plaintiff in error would have been war-
ranted had the jury given credit to the testimony of his
witnesses.    The verdict for defendant in error was bad, be-
cause unsupported by any evidence whatever as to how the
intestate happened to meet the disaster which resulted in
his death, and what negligence, if any there was, contrib-
uted thereto, or was the proximate cause thereof.    The ver-
dicts, general and special, could have been based upon noth-
ing but guess-work.    Whether the jury guessed that the
accident was caused by a slippery floor (not averred but
proved), lack of railing (not averred as to the south end), a
crowded room, or by simply getting beyond depth in efforts
to learn to swim, and negligent omission by attendants to

effect a rescue, is immaterial.   Certain it is that from the evidence it can not be found that any one of these things had aught to do with the accident, and it is certain, too, that the evidence warrants no conclusion of any negligence after the boy was found in the water; and if negligence was assumed after the discovery of the body, it could not be determined that such negligence had any bearing upon the lad's death in the absence of any evidence as to how long he had been beneath the water before discovery.   Neither does it profit to inquire as to any negligence claimed to have been shown on the part of plaintiff in error or his attendants before the discovery of the body, for it can not be determined from this record whether such negligence, if any there was, caused the result of the boy's death.

In Brotherton v. Manhattan B. I. Co., *supra*, the court say: " How Brotherton got back into the deep water and what occurred there is not revealed by any evidence.   It is not sufficient to establish a case for the plaintiff that negligence should be proved on the part of the defendant, but it must also appear that the negligence proved was the proximate cause of the injury."   This is a statement of a familiar proposition of law, but it bears particularly upon the case under consideration by reason of similarity of facts.

Because of the insufficiency of the evidence to sustain the declaration, the verdict should have been set aside and a new trial granted.

Judgment reversed and cause remanded.